**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alba D.H.R.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*,

Respondents.

Civil No. 26-1216 (DWF/DJF)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Alba D.H.R.'s petition for a writ of

habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed an untimely response

asserting that Petitioner has a final order of removal. (Doc. No. 5.) For the reasons set

forth below, the Court grants the Petition and orders Respondents to release Petitioner

immediately.

## BACKGROUND

Petitioner is a citizen of Nicaragua and resident of Minnesota. (Doc. No. 1 ¶¶ 7,

12.) She has lived in the United States since May 2022. (*Id.* ¶ 12.) She is a mother to an

infant child and has strong ties to her community in Minnesota. (*Id.* ¶ 14.) She does not

have any criminal record. (*Id.* ¶ 15.) Petitioner has a pending asylum application before

the Board of Immigration Appeals (the "BIA").  (*Id.* ¶ 13.)  On January 15, 2026,

Petitioner was arrested by masked individuals while she was a passenger in a Lyft.  (*Id.*

¶ 17.)  Both she and the driver were arrested.  (*Id.*)  Petitioner's current location is unclear

from the record.  (*See id.*; Doc. No. 5.)

Petitioner filed the Petition on February 8, 2026.  (Doc. No. 1 at 18.)  She claims

that her detention is unlawful under the Due Process Clause of the Fifth Amendment, the

Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 36-52.)

Petitioner asks the Court, among other things, to order her immediate release from

custody.  (*Id.* at 17-18.)  Also on February 8, 2026, the Court enjoined Respondents from

moving Petitioner from the District of Minnesota during the pendency of this action and

ordered Respondents to answer the Petition by 12:00 p.m. CT on February 11, 2026.

(Doc. No. 3.)  Respondents filed an untimely response.[1]  (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in

violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That

authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896,

900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a

---

[1]    The Court cautions Respondents that it need not consider untimely responses.
Regardless, whether the Court considers the response, the outcome is the same.

preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents invoke 8 U.S.C. § 1231 to justify Petitioner's detention.  (Doc. No. 5 at 1.)  They attached an immigration judge's decision dated May 14, 2025, denying Petitioner's asylum application (the "May 14th Order").  (Doc. No. 5-1.)  Petitioner counters that she has an appeal currently pending before the BIA, so she does not have a final order of removal.[2]  (Doc. No. 6 at 2.)

Petitioner is correct.  The May 14th Order is not considered a final order of removal while her appeal remains pending before the BIA.  *See* 8 C.F.R. § 1241.1 (2026); *see also Bartu v. Bondi*, No. 25-cv-3198, 2025 WL 3640930, at *2 (D. Minn. Dec. 16, 2025) (discussing finality under 8 C.F.R. § 1241.1).  Section 1231 provides that a noncitizen must be detained after an order of removal becomes administratively final.  8 U.S.C. § 1231(a)(1)(B)(i), (a)(2)(A).  Section 1231 is not a proper basis for Petitioner's detention.  Respondents provide no other basis for detention.  Accordingly, the Court finds her detention is unlawful and orders her immediate release.

---

[2]     Petitioner frames Respondents' response as "attempted fraud upon this Court" and states that it would be appropriate for the Court to impose sanctions.  (Doc. No. 6 at 2-3.) The Court is troubled by the apparent factual misrepresentation by Respondents, but it will not impose sanctions at this time.  The Court takes the issue under advisement and will issue an order for further briefing if it decides that sanctions may be appropriate.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.      The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.      Respondents are **ORDERED** to release Petitioner from custody immediately.

4.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5.      Respondents are directed to release Petitioner:

   a.      In Minnesota;

   b.      With all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone;

   c.      Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

   d.      Without any tracking devices or use of a tracking application; and

   e.      With all clothing and outerwear she was wearing at the time of detention, or other proper winter attire.

4

6.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 13, 2026              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge

5